SAMUEL, Judge.
This is a suit for sequestration of 4 mobile homes or house trailers owned by plaintiff and in the possession of the defendant by reason of a contract between the two litigants. The vehicles were seized and subsequently bonded out by the plaintiff. Defendant answered in the form of a general denial and reconvened for damages for breach of contract. The trial court rendered judgment in favor of plaintiff and dismissed defendant’s reconventional demand. Defendant has appealed.
In January, 1968 the parties entered into an oral agreement whereby plaintiff moved repossessed mobile homes onto defendant’s lot. Defendant was to clean and repair the *494 homes for a fee of $35 each, plus the actual cost of repair, and attempt to sell the vehicles. He was to receive a sales commission of $300 for each trailer sold. Plaintiff retained the right of approval on all sales and no storage charges were contemplated.
The contract appears to have been satisfactory to both parties until September, 1968, when plaintiff began to turn down a number of customers defendant believed should have been approved. Concluding that plaintiff was more interested in free storage of its vehicles rather than in their resale, defendant thereafter billed plaintiff for storage charges for the months of December, 1968 and January, 1969. No storage was paid, and the defendant continued to seek customers for the vehicles.
In March or April, 1969 plaintiff sold all of the remaining 18 units to a dealer in Memphis, Tennessee, and moved its own operations out of Louisiana. Defendant released 14 of the units, but retained 4 units to secure payment of his claimed charges for storage and for a $300 sales commission on each of the 18 units sold to the Memphis dealer. Those claimed charges were not paid, defendant continued to retain the 4 units, and this suit for sequestration followed.
Only three witnesses testified at the trial: Bobbie Griffis who, as district manager of the mobile homes office of plaintiff, had made the oral agreement with defendant; Anthony S. Cassano, the defendant; and Joseph E. Delage, an expert in the field of house trailer sales, whose testimony was introduced for the limited purpose of showing the customary local sale, rental, and storage charges for house trailers during the years 1968 and 1969.
As both litigants agree their contract did not call for the payment of rent by the plaintiff to the defendant for space occupied by the former’s vehicles on the latter’s lot, that the furnishing of such space was a part of the contractual consideration given by the defendant, there are only two basic questions presented for our consideration. Those questions are whether or not the plaintiff was arbitrary and in violation of the contract in refusing to accept various sales made by the defendant and whether under the contract the defendant was entitled to receive the $300 commission on each trailer sold by anyone or only entitled to that commission on sales made by him.
Relative to the first question, the trial judge concluded plaintiff had not arbitrarily refused to accept sales made by the defendant. In his reasons for judgment in effect he stated that although some of the cash sales at the listed price might appear to be arbitrary, understandably they were not acceptable to the plaintiff because it was in the credit business and a substantial portion of its profits consisted of interest obtained from credit sales. From our consideration of all of the evidence, and in view of the fact that the contract placed no limit on plaintiff’s right to approve or refuse any sales, we find no error in the trial judge’s conclusion.
Relative to the second question, only two witnesses testified regarding the sales commission to which the defendant was entitled under the contract. Plaintiff’s witness, Mr. Griffis, stated the defendant was to be paid the commission only on those trailers sold by the defendant himself. The other witness, the defendant, testified the understanding was that he would receive a $300 commission on each vehicle sold off the lot regardless of whether the sale was made by him or anyone else.
The jurisprudential rule that on questions of fact involving the credibility of witnesses the trial judge will be reversed only for manifest error is too well settled to require citation. Here the trial judge was required to accept the testimony of plaintiff’s witness or the testimony of the defendant. We cannot say he commit *495 ted manifest error, or any error at all, in accepting the former.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.